UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 1:08-CR-4-1 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| FRANCISCO LAKE, | ) | |

**MEMORANDUM**

Before the Court is the motion to dismiss Count Four of the Superseding Indictment filed by Defendant Francisco Lake (Court File No. 139). The government responded (Court File No. 142). For the reasons discussed below, the Court will **DENY** the motion (Court File No. 139).

**I.    FACTS**

On November 16, 2007, police stopped two cars for speeding on I-24 in Chattanooga, a Lincoln Navigator, owned by Defendant Francisco Lake ("Defendant") and in which he was a passenger, and a Jeep Cherokee. Through the course of the investigation, police became suspicious of the vehicles and searched them, finding 245 credit cards, 25 driver's licenses, a credit card strip encoder, and two laptops. When case agents searched the computer equipment confiscated in this case, they discovered an additional 17,000 credit card numbers that could have been used to make fraudulent credit cards.

Defendant, George Crawford ("Crawford"), Natalya Punto ("Punto"), and Jacqualine Banks ("Banks") were each indicted on four counts, conspiracy in violation of 18 U.S.C. § 371, unlawful possession of five of more identification documents in violation of 18 U.S.C. § 1028(a)(3), possession of 15 or more counterfeit devices in violation of 18 U.S.C. § 1029(a)(3), and aggravated

identity theft in violation of 18 U.S.C. § 1028A(1) (Court File No. 5).  Defendant, Punto, and Banks filed a motion to suppress the evidence obtained from the search of the Lincoln Navigator (Court File No. 35), although Defendant later withdrew from the motion (Court File No. 59) and subsequently entered into a plea agreement with the government (Court File No. 88).

In the plea agreement, Defendant admitted organizing the trip for the purpose of using the credit cards and fake driver's licenses to obtain goods (Court File No. 88).  All 245 credit cards were usable and represented valid credit card numbers issued to real individuals.  Defendant pleaded guilty to Counts One, Three, and Four of the Superseding Indictment on November 20, 2008, pursuant to the plea agreement (Court File No. 109).  Defendant was set for sentencing on March 5, 2009, however, due to two motions to continue sentencing filed by Defendant and one motion to continue sentencing filed by the government, did not appear for a sentencing hearing until June 18, 2009.  On June 17, 2009, Defendant filed a motion to withdraw his plea of guilty to Count Four of the Superseding Indictment (Court File No. 136).  With no objection from the government, the Court granted the motion and set the case for trial (Court File No. 137).

## II. DISCUSSION

Defendant contends Count Four of the Superseding Indictment should be dismissed pursuant to Fed. R. Crim. P. 12(b) because Defendant's actions are not a violation of 18 U.S.C. § 1028A as a matter of law and a conviction under § 1028A would violate double jeopardy.

Fed. R. Crim. P. 12 "encourage[s] district courts to entertain and dispose of pretrial criminal motions before trial if they are capable of determination without trial of the general issues." *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992).  Rule 12(b) motions "may appropriately raise for

2

Case 1:08-cr-00004-CLC-SKL   Document 143   Filed 09/18/09   Page 2 of 4   PageID #: 693

consideration such matters as 'former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction.'" *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997) (quoting *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989) (emphasis omitted)).  A district court may even make "preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate finder of fact." *Levin*, 973 F.2d at 467.  The district court may defer a ruling on a pretrial motion for good cause.  Fed. R. Crim. P. 12(d).  Good cause for a deferral exists where the pretrial claim is "'substantially founded upon and intertwined with the evidence to be presented at trial,' and 'full development of the facts would help the district court in reaching a wise decision.'"  24 Moore's Federal Practice § 612.07[1] (3d ed. 2007).

Defendant first contends the undisputed facts to not support the offense charged in the indictment and Count Four should be dismissed as a matter of law.  Defendant argues the Court can look to the indictment, the plea agreement, and other facts as necessary to decide the motion to dismiss.  A defendant may not challenge an indictment based on the sufficiency of the evidence in pretrial proceedings.  *See United States v. Sampson*, 371 U.S. 75, 78-79 (1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense."); *Levin*, 973 F.2d at 468 n.2.  Regardless of whether the stipulated facts would support a conviction, the government is not precluded from introducing additional evidence at trial. The undisputed evidence does not conclusively establish "the government [is], as a matter of law, incapable of proving" an element of the offense. *Levin*, 973 F.2d at 469.  Since the motion to dismiss cannot be resolved by the determination of a matter of law rather than fact, the Court will deny the motion to dismiss Count

3

Four of the Superseding Indictment.

Defendant's next argument is Count Four violates double jeopardy. "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature -- in this case Congress -- intended that each violation be a separate offense." *Garrett v. United States*, 471 U.S. 773, 778 (1985). Congress clearly intended a violation of 18 U.S.C. § 1028A, which mandates a consecutive two-year sentence in addition to the punishment for the underlying felony conviction, would be a separate offense. *United State v. White*, 296 Fed. App'x 483, 490 (6th Cir. 2008). Since the language of the statute dictates the result, the rule in *Blockburger v. United States*, 284 U.S. 299 (1932), does not apply. *Garrett*, 471 U.S. at 779. Since a conviction pursuant to 18 U.S.C. § 1028A would not, as a matter of law, violate double jeopardy principles, the Court will deny the motion to dismiss Count Four.

### III. CONCLUSION

As discussed above, the Court determines the government is not incapable of proving a conviction and Count Four of the Superseding Indictment does not violate double jeopardy as a matter of law. Therefore, the Court will **DENY** Defendant's motion to dismiss (Court File No. 139).

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4